NEW-YORK,
May, 1820.

CARRIER
v.
SCHOHARIE
TURNPIKE Co.

CARRIER *against* the P. D. & COMPANY OF THE WESTERN
BRANCH OF THE SCHOHARIE TURNPIKE ROAD.

A turnpike act
(sess. 25. ch.
113. s. 7.) pro-
vided, that if
any person
with his team,
cattle. &c.
should, after
travelling the
road, turn off,
to pass the
gate or gates,
on ground ad-
jacent thereto,
and again en-
ter on said
road, with in-
tention to de-
fraud the Com-
pany, by avoid-
ing the pay-
ment of toll, he
shall forfeit the
sum of five dol-
lars, &c. The
fact, that the
person, after
turning off, tra-
velled on an
old public
highway,
makes no dif-
ference. The
only question
is, whether he
turned off, *bo-
na fide*, or with
a view to avoid
paying toll.
If he turns
off at a place
little more
than half a
mile from
the gate, it is
turning off on
ground adja-
cent to the
gate, within
the meaning of
the act.

IN ERROR on *certiorari* to a Justice's Court. The
*Turnpike Company*, sued *Carrier*, before a justice, for five dol-
lars of debt, and declared, for that whereas the defendant
travelled with a horse in the town of *Sharon*, in the County
of *Schoharie*, on the turnpike of the Company, and turned
off the road, to pass one of the gates on the road, and again
entered on the said road, with intent to defraud the said
Company of the toll due to them, &c.; and also that the
defendant, heretofore, travelled in the town of *Sharon*, on
said Turnpike, with a drove of cattle, and turned off, to pass
one of the gates on the said road, and again entered the said
road, with intent to defraud the said Company, by avoiding
the payment of the toll due to them, &c.

It appeared that the defendant below, had turned off the
turnpike road in *Sharon*, at the house of *Luther Robinson*,
and again entered on the Turnpike, at the house of *Caleb
Lamb*, in the same town, with a drove of 262 cattle : that
he first entered the turnpike at its western extremity : that
in turning off at *Robinson's*, and again entering it at *Lamb's*,
a turnpike gate, which stands a little more than half a mile
from *Robinson's*, was avoided. The distance between *Ro-
binson's* and *Lamb's* house, on the Turnpike, is about four
miles, and by turning off at *R.'s*, and travelling the old road
where the defendant drove his cattle, the distance is 6 or 7
miles. After the defendant had thus gone round the gate,
the toll-gatherer requested him to pay the toll, but he refused,
saying that he would go round the gate when he pleased.
It appeared that the old road had been used as a public
highway above thirty years, and passed through a well-
settled country ; that loaded waggons and droves of cattle
had frequently passed on that road: the Turnpike was
sometimes out of repair, but was then in good order ; and
between *Robinson's* and the gate, there were several in-

tervening proprietors of the land. The justice gave judgment for the plaintiffs below, for five dollars, and costs.

SPENCER, Ch. J. delivered the opinion of the Court. The act (3 *Webs. ed. Laws*, 137. sess. 25. ch. 113. s. 7.) provides, " that if any person, with his team, cattle, &c. shall, after travelling said road, with intention of defrauding said company, by avoiding the payment of the toll due by virtue of this act, such person shall forfeit the sum of five dollars, to be recovered," &c.

It can never enter into consideration, that in turning off the turnpike, after having travelled it, and again entering upon it, it was by travelling an old road. The act in guarding against teams doing so, must have contemplated that they would necessarily travel on some road. The act intended to guard against the fraud of using the turnpike road, then turning off near a gate, and again entering upon the road, to avoid the toll; and where the facts of turning off the turnpike road and again entering it, concur, the question will be, whether it was done *bona fide*, or to evade the toll. Neither is it material that other persons have been in the habit of doing so. The defendant is to answer for himself, and must show that he had legitimate reasons for leaving the turnpike and again entering thereon, and thereby avoiding a toll gate. It is material in this case, that the defendant travelled two miles further than he would have done, had he not left the turnpike; and the circumstance that he had a large drove of cattle is, also, of weight. He inquired about the owner of a heifer, and, ostensibly, with a view to purchase her; but this deserves little notice, as it may have been a mere pretext, and it is not shown that he went round for that purpose. I see no reason to be dissatisfied with the correctness of the conclusion of the justice, from the facts, that the defendant went round the gate with a view to defraud the company of their toll. Had the old road been nearer or better, the conclusion, probably, would have been different.

The only remaining question is, whether the defendant turned off on ground *adjacent to the gate*. The word " adjacent," means lying close or near; and is used relatively

to the gates on the turnpike, which are ten miles apart. In the case of the *People v. Denslow*, (1 *Caines' Rep.* 180) the Court were called upon to decide whether a gate, erected *eight* chains and fifteen links distant from, was erected, as it ought to have been, " *near* the dwelling house of *John Van Hoesen ;*" and it was held to be so. I have no doubt, that the road, little more than half a mile from the gate, ought to be considered as ground adjacent; and the Court are, therefore, of opinion, that the judgment of the justice ought to be affirmed.

Judgment affirmed.