## THE DANSVILLE AND WAYLAND PLANK ROAD COMPANY *vs.* HULL.

Where the defendant, after traveling on a plank road, with his team, about one hundred rods, did, to avoid the payment of the legal toll upon said road, with his team, turn out of such road at a point one mile and twenty rods from the toll-gate thereon, and traveled upon another road to a point on the plank road 180 rods beyond said toll-gate, at which point he again entered upon the plank road, and traveled thereon four miles; *Held* that the defendant had incurred the penalty of five dollars prescribed in the 18th section of the act relative to turnpike companies, (1 *R. S.* 55,) as applied to plank roads by the act of 1850. (*Laws of* 1850, *ch.* 71.)

THIS is a case submitted in pursuance of section 372 of the code. The plaintiff sought to recover the penalty of five dollars, given by the second section of chapter 71 of session laws of 1850, and contained in section 55, title first, chapter 18 of part first of the revised statutes. The section reads as follows: "Every person who, to avoid the payment of the legal toll, shall, with his team, carriage, or horse, turn out of a turnpike road, or pass any gate thereon, *on ground adjacent thereto,* and again enter on such road, shall for each offense forfeit the sum of five dollars to the corporation injured."

It was admitted, in the case, that on or about the first day

of August, 1856, the defendant, who now resides, and has for the last twelve years resided in the town of Wayland near the Wayland depot, in returning from Dansville to said Wayland depot, after traveling on the plaintiffs' plank road at its western extremity about 100 rods in the county of Livingston, did, to avoid the payment of the legal toll upon said road, with his team turn out of the said road at a point one mile and twenty rods from said toll-gate and traveled upon another road to a point on the said branch road 180 rods beyond the said toll-gate, at which point he again entered upon the plank road of the plaintiffs and traveled thereon four miles, to said Wayland depot. It was further alleged that in so traveling said road the defendant claimed that he had a legal right to do so, the same being a public highway. The said highway upon which the defendant so turned off from the plank road was laid out, worked, and recorded in the office of the town clerks of the two towns in which it runs, viz: North Dansville and Wayland, more than twenty-five years prior to building said main and branch plank road, and the same has been used and worked as a public highway from the time it was so laid out as aforesaid continuously to the present time.

*S. Hubbard*, for the plaintiff.

*G. Bulkley*, for the defendant.

*By the Court*, E. DARWIN SMITH, J. It is admitted, or stated, in the case agreed upon by these parties, that the defendant, on or about the 1st of August, 1856, after traveling on the plaintiffs' plank road at its western extremity about 100 rods in the county of Livingston, *did, to avoid the payment of the legal toll* upon said road, with his team turn out of the said road at a point one mile and twenty rods from the toll-gate thereon, and traveled upon another road to a point on said plank road 180 rods beyond said toll-gate, at which

point he again entered upon the plank road of the plaintiffs and traveled thereon four miles.

This case in its facts, and in principle, is precisely within the case of *Carrier* v. *The Schoharie Turnpike Road Co.*, (18 *John.* 56.) That case arose under the provisions of an act to incorporate the Schoharie Turnpike road, passed April 5, 1802. The language of that act, giving the penalty for passing a gate, was as follows: " that if any person, with his team, &c., after traveling the said road, shall turn off, to pass the said gate or gates, on grounds adjacent to them and again enter on the said road with intention of defrauding the company by avoiding the payment of the toll, &c., he shall forfeit the sum of five dollars." Under this provision, it was held in that case, that turning off the turnpike road and traveling in another public road six or seven miles, and traveling to avoid the gate two miles further than the distance by the turnpike road, was passing the gate on *grounds adjacent thereto*. This, it seems to me, was a very liberal, if not a very *strained* construction of the statute; and if the present statute was in the same language, I should be unwilling to follow that case. I think that statute was only intended for cases where there was a byway or a short private road constructed on purpose to avoid the gate, as was the case in *The Croton Turnpike Co.* v. *Ryder*, (1 *John. Ch. Rep.* 611.)

In the act of 1813, relative to turnpike companies, (1 *R. L.* 234, § 8,) the phraseology of the above statute was improved so as to read, "that if any person shall, with his team, &c., turn *out of said road,* or pass either of the said gates on ground adjacent thereto, and again enter on said road, to avoid the payment of toll due, he shall forfeit and pay a fine of $5," &c. This is the language in the present act, (1 *R. S. part 1st, chap.* 18, § 55,) as applied to plank roads. (*Sess. Laws of* 1850, *chap.* 71.) It is now an offense under this section, after traveling on a plank road, to *turn out of such road* and again enter on said road, to "*avoid the payment of the legal toll,*" as well as to pass any gate or ground *adjacent*

*thereto* for that object. The law, as it now stands, meets and covers the precise case of *Carrier* v. *The Schoharie Turnpike Road Co.* The defendant, in this case, admits that he turned out of the plaintiff's road after he had traveled thereon *"to avoid the payment of the legal toll upon the said road,"* and again re-entered the said road and traveled thereon four miles. This constitutes the precise offense specified in the statute, and the defendant has incurred the penalty prescribed therein for such offense. The plaintiff is entitled to judgment accordingly.

[CAYUGA GENERAL TERM, June 7, 1858. *Welles, Johnson* and *Smith,* Justices.]